IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIGUEL HILAO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:13-CV-1300-L (BH) |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order No. 3-251*, this case was automatically referred for findings of fact and recommendation.  Before the Court is the plaintiff's *Motion for Entry of Final Judgment*, filed February 28, 2014 (doc. 9).  Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED.**

**I.   BACKGROUND**

On December 3, 2010, Miguel Hilao (Plaintiff) applied for disability insurance benefits (DIB) under Title II of the Social Security Act, and subsequently amended his onset date to March 4, 2011.  (doc. 1 at 2.)  By written opinion dated August 10, 2012, an Administrative Law Judge (ALJ) found Plaintiff became disabled on March 4, 2011, and was entitled to DIB.  (docs. 1; 7 at 1–2.)  The Appeals Council apparently adopted the ALJ's findings on December 14, 2012, but issued an "unfavorable decision," finding that Plaintiff was not entitled to benefits because his date last insured was September 30, 2010, prior to his alleged onset date.  (doc. 7 at 2.)

On March 28, 2013, Plaintiff filed the current lawsuit seeking to reverse and remand the Appeals Council's (i.e., the Commissioner's) unfavorable disability determination.  (doc. 1.)  On

July 16, 2013, the Commissioner filed an unopposed motion to remand the case pursuant to sentence six of 42 U.S.C. §405(g).  (doc. 7.)  Specifically, the Commissioner sought to vacate the Appeals Council's December 14, 2012 decision and reinstate the ALJ's favorable determination, on grounds that "good cause" existed because "new evidence" showed that Plaintiff's date last insured was actually December 31, 2014.  (*Id.* at 1–2.)  The court granted the Commissioner's motion that same day.  (doc. 8.)  Upon remand, the Appeals Council vacated its previous decision and issued a disability determination that was "fully favorable" to Plaintiff.  (docs. 9 at 1; 9-1 at 2–3.)

Plaintiff now moves for the entry of a final judgment in his favor.  (doc. 9.)  The Commissioner does not oppose Plaintiff's motion.  The motion is now ripe for recommendation.

## II.   ANALYSIS

The Supreme Court has identified two exclusive methods for remanding social security cases under § 405(g).  *See Shalala v. Shaefer*, 509 U.S. 292, 296–7 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 97–98 (1991).  "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing.'"  *Melkonyan*, 501 U.S. at 98  (citing 42 U.S.C. § 405(g)).  "[A] sentence four remand requires the district court to enter a decision on the merits before remanding a case to the Commissioner."  *Schriner v. Comm'r, Soc. Sec. Admin.*, No. 3:08-CV-2042-N, 2010 WL 2941120, at *15 (N.D. Tex. June 22, 2010), *rec. adopted*, 2010 WL 2944782 (N.D. Tex. July 22, 2010) (citing *Melkonyan*, 501 U.S. at 98).

"Sentence-six remands may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shaefer*, 509 U.S. at 297 (citing § 405(g);

*Melkonyan*, 501 U.S. at 99–100, and n. 2). Under sentence six, "[t]he district court does not . . . rule in any way as to the correctness of the administrative determination. Rather, the court remands" the case for reconsideration if the "new evidence might have changed the outcome of the [] proceeding." *Melkonyan*, 501 U.S. at 98 ; *McKenzie v. Astrue*, 442 F. App'x 161, 162 (5th Cir. 2011).

Following a sentence six remand, the Commissioner "must return to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.'" *Melkonyan*, 501 U.S. at 98 (quoting 42 U.S.C. § 405(g)). "The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings." *Bookman v. Comm'r of Soc. Sec.*, No. 6:08-CV-1986-ORL-28, 2011 WL 4633094, at *1 (M.D. Fla. Sept. 15, 2011), *rec. adopted*, 2011 WL 5027285 (M.D. Fla. Oct. 5, 2011) (citations omitted). In sum, "[i]mmediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Chelette v. U.S. Comm'r of Soc. Sec.*, No. 1:11-CV-1860, 2012 WL 2870842, at *2 (W.D. La. June 12, 2012), *rec. adopted*, 2012 WL 2873635 (W.D. La. July 12, 2012) (citing to *Shaefer*, 509 U.S. at 296–7 and *Istre v. Apfel*, 208 F.3d 517, 520 (5th Cir. 2000)).

Here, the court's remand order was issued pursuant to sentence six because the Commissioner had not yet answered the complaint and "good cause" existed given the new evidence showing Plaintiff's actual date last insured. (*See* docs. 7 at 1–2; 8.) No final judgment was entered because the court retained jurisdiction over the case pending the remand proceedings. *See Melkonyan*, 501 U.S. at 98; *Bookman*, 2011 WL 4633094, at *1. Because on remand the

Commissioner's decision was "fully favorable" to Plaintiff, he now urges the entry of final judgment in his favor. (docs. 9-1 at 2–3; 9; 11.) In light of the favorable disability determination, and the fact that the motion is unopposed, there appears to be no need for a detailed analysis of the Commissioner's decision or an in-depth review of the modified findings of fact. Accordingly, Plaintiff's motion for final judgment should be granted.

### III. RECOMMENDATION

Plaintiff's *Motion for Entry of Final Judgment*, filed February 28, 2014 (doc. 9), should be **GRANTED.**

**SO RECOMMENDED** on this 7th day of April, 2014.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE